IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00487–CMA–KMT

MARK BAKER, and
MELISSA BAKER,

    Plaintiffs,

v.

PROFESSIONAL FINANCE COMPANY, INC.,
TRANSUNION LLC,
EQUIFAX INC.,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

**ORDER**

This matter is before the court on Plaintiffs' "Motion to Amend Complaint." (Doc. No. 40, filed May 12, 2010 [hereinafter "Mot."].) To the extent Plaintiffs are seeking to amend their Amended Complaint, the Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.

Here, Plaintiffs only vaguely describes the proposed amendments and why they are substantially similar to the existing claims of their Amended Complaint. Additionally, Plaintiffs have not attached a proposed amended complaint to their Motion. As a result, it is impossible to determine if the proposed amendment is permissible.

On a related matter, the court is very concerned by the fact that Plaintiffs are attempting to assert a claim pursuant to a section of the Colorado Revised Statutes that has been repealed and reenacted at a different section. More specifically, in their Motion, Plaintiffs seek to amend their Amended Complaint to add a claim pursuant to Colo. Rev. Stat. § 5–5–108 against Defendant Professional Finance Company, relying on the principal case of *Greenwood Trust Co. v. Conley,* 938 P.2d 1141 (Colo. 1997). However, Plaintiffs have failed to note that a few years after *Greenwood Trust* was decided, § 5–5–108, as it previously existed, was repealed and reenacted, with amendments, at Colo. Rev. Stat. § 5–5–109. *See* 2000 Colo. Sess. Laws Ch. 265 § 1. Altogether, the court advises Plaintiffs' counsel to take more care in researching and drafting its court filings before submitting them to the court.

WHEREFORE

IT IS ORDERED that Plaintiffs' "Motion to Amend Complaint" (Doc. No. 40) is DENIED without prejudice.

Dated this 21st day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge