IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00487–CMA–KMT

MARK BAKER, and
MELISSA BAKER,

    Plaintiffs,

v.

PROFESSIONAL FINANCE COMPANY, INC.,
TRANSUNION LLC,
EQUIFAX INC.,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

## ORDER

    This matter is before the court on "Defendant Professional Finance Company, Inc.'s Opposed Motion for Leave to File Amendment of Answer and Counterclaim" (Doc. No 71, filed June 18, 2010 [hereinafter "Mot."]) and "Defendant Professional Finance Company, Inc.'s Brief in Support of Opposed Motion to Amend Answer and Counterclaim" (Doc. No. 72, filed June 18, 2010 [hereinafter "Memo."]). Plaintiffs filed their "Objection to Professional Finance Company, Inc.'s Motion for Leave to File Amendment of Answer and Counterclaim" on July 7, 2010. (Doc. No. 84 [hereinafter "Resp."].) The Motion is ripe for the court's review and ruling.

    Defendant Professional Finance Company, Inc. (hereinafter "Defendant") seeks to amend its "Answer to (Second) Amended Complaint, Affirmative Defenses and Counterclaim" (Doc.

No. 26, filed Mar. 12, 2010) to assert a claim for breach of contract. (Mot. at 1.) In support of this amendment, Defendant maintains that, based on representations made by Plaintiff's counsel, Defendant and Plaintiffs negotiated and entered into a contractual agreement to compromise and settle any all claims that Plaintiff may have had against Defendant PFC. (Memo. at 4–5.) Thus, Defendant maintains that Plaintiffs' filing and continued maintenance of this lawsuit constituted a breach of that agreement. (*Id.* at 5.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As a threshold matter, the court notes that a Scheduling Order was entered in the case, which set the deadline for amending the pleadings and joining parties at 45 days from the date of

the Scheduling Conference held on May 27, 2010. (Doc. No. 56, entered June 2, 2010.) Consequently, the Motion is timely.

Plaintiffs' entire argument against Plaintiffs' Motion is that "[t]he motion should be denied because a settlement contract was never formed and does not exist." (Resp. at 1.) To the extent that Plaintiffs' argument can be construed to maintain that Defendant's proposed amendments are futile, Plaintiffs attempt to place the cart before the horse. It may prove true at a later stage in this litigation that there was no such settlement contract, but for the moment the court is not concern with "whether [Defendant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002). Accordingly, the court finds that Plaintiffs have failed to demonstrate that Defendant's proposed amendments are futile.

Finally, the court notes that this case is in the early stages of litigation. As such, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, or undue prejudice.

THEREFORE, it is

ORDERED that "Defendant Professional Finance Company, Inc.'s Opposed Motion for Leave to File Amendment of Answer and Counterclaim" (Doc. No. 71) is GRANTED.

Defendant Professional Finance Company, Inc.'s shall file its Amended Answer and Counterclaim no later than July 16, 2010.

Dated this 14th day of July, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge